IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                          Case No.  05-36214

NICOLE CHRISTINA BAYLOSIS

       Debtor

**MEMORANDUM ON
MOTION FOR TURNOVER**

**APPEARANCES:**    MOORE & BROOKS
                             Brenda G. Brooks, Esq.
                             Post Office Box 1790
                             Knoxville, Tennessee  37901-1790
                             Attorneys for Debtor

                             LAW OFFICES OF MAYER & NEWTON
                             John P. Newton, Jr., Esq.
                             1111 Northshore Drive
                             Suite S-570
                             Knoxville, Tennessee  37919
                             Attorneys for Chapter 7 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Motion for Turnover filed by the Chapter 7 Trustee, John P. Newton, Jr. (Trustee), on January 16, 2007, seeking an order requiring the Debtor to turn over a portion of her tax refund for the calendar year 2005.  The Debtor filed a Response to Trustee's Motion for Turnover on January 19, 2007, and an Amended Response to Trustee's Motion for Turnover (collectively, Response), arguing that the refund is not an asset of the estate. Alternatively, the Debtor contends that any portion of the refund recovered by the Trustee would not benefit nonpriority unsecured creditors because it would only be sufficient to pay administrative claims and a priority tax claim.

The parties agreed that all issues should be decided on stipulations and briefs.  Accordingly, the record before the court consists of Stipulation of Facts and Documents filed by the parties on April 3, 2007, the Brief filed by the Trustee on April 3, 2007, and the Brief filed by the Debtor on April 3, 2007.  The court also, pursuant to Rule 201 of the Federal Rules of Evidence, takes judicial notice of all material undisputed facts of record in the Debtor's bankruptcy case file.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(E) (West 2006).

## I

The Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case on October 7, 2005.  At the time she filed her petition, she had not prepared or filed her tax return for 2005.  On January 16, 2007, the Trustee filed his Motion for Turnover, seeking turnover of $1,777.50 from the Debtor's 2005 tax refund totaling $2,370.00.  At the time the Trustee filed the Motion for Turnover, the Debtor had not claimed an exemption in any portion of her 2005 tax refund

nor has she turned over any portion of the refund to the Trustee. On April 10, 2007, the Debtor filed Amended Schedules B and C, claiming $784.30 of the tax refund as personal property subject to an exemption under Tennessee Code Annotated § 26-2-103 (2000).

Based upon the Debtor's Tax Transcript for 2005, filed by the parties and stipulated as accurate, it is undisputed that a total of $998.00 was withheld from the Debtor's paychecks and paid towards her income tax liability, and that the Debtor's total tax refund was $2,370.00, which is based upon an adjusted gross income of $22,943.00, taxable income of $9,243.00, and tax liability of $923.00. The Debtor's $2,370.00 refund includes an earned income credit of $1,295.00, a child tax credit of $923.00, and an additional child tax credit of $77.00.

## II

The commencement of the Debtor's case created her bankruptcy estate, which consists of "all legal or equitable interests of the debtor in property as of the commencement of the case" 11 U.S.C.A. § 541(a) (West 2004), unless exempted by the Debtor pursuant to 11 U.S.C.A. § 522 (West 2004). Furthermore, property of the estate remains so until it is abandoned or the case is closed, 11 U.S.C.A. § 554(c) (West 2004), and any entity in possession or control of property of the estate must turn it over. 11 U.S.C.A. § 542(a) (West 2004). In order to satisfy the requirements for turnover under § 542(a), "the Trustee is required to prove that: 1) during the case; 2) an entity other than a custodian 3) was in possession, custody or control; 4) of property that the trustee could use, sell or lease; 5) that such property is not of inconsequential value or benefit to the estate." *In re Patton*, 200 B.R. 172, 177 (Bankr. N.D. Ohio 1996).

The parties do not dispute that, pursuant to § 541(a), the Trustee would be entitled to turnover of any portion of the Debtor's tax refund attributable to pre-petition earnings. Therefore, the sole issue before the court is the amount of the Debtor's 2005 tax return that falls within that scope. The Trustee, using a daily proration, argues that the pro-rated portion of the Debtor's tax refund for January 1, 2005, through October 7, 2005, is $1,777.50. Conversely, the Debtor argues that, based upon her paycheck stubs, at the time she filed her bankruptcy case, she was only entitled to $784.30 as a tax refund, as the remainder was comprised entirely of post-petition earned income and child tax credits as well as overpaid estimated tax withholdings which were not her assets and are not property of the estate.

As an initial matter, the Sixth Circuit has held that a debtor does have a legal or equitable interest in the earned income credit portion of a tax refund, even if the petition was filed prior to the end of the year in which the credit was earned. *Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611 (6th Cir. 2000). Adopting the reasoning set forth in *Baer v. Montgomery (In re Montgomery)*, 219 B.R. 913 (B.A.P. 10th Cir. 1998), the Court of Appeals agreed that "neither possession nor constructive possession, either prior to or contemporaneous with the filing for bankruptcy protection is required to vest an individual with a property interest in EICs." *Johnston*, 209 F.3d at 613 (quoting *Montgomery*, 219 B.R. at 917), and affirmed the Bankruptcy Appellate Panel's conclusion that "Congress intended EICs to be available to qualifying individuals at anytime during the tax year." *Id*. (quoting *Johnston v. Hazlett (In re Johnston)*, 222 B.R. 552, 555 (B.A.P. 6th Cir. 1998) (internal citations omitted)).

Similarly, following the lead in *Johnston*, courts within the Sixth Circuit have found that a child tax credit is similarly "'sufficiently rooted' in [a] debtor's pre-petition earnings to be considered property of the estate despite the contingent nature of the credit on the date the petition was filed." *In re Griffin*, 339 B.R. 900, 902 (Bankr. E.D. Ky. 2006). The court agrees with the following summary with respect to this question:

> [T]he only question is whether a child tax credit constitutes "a legal or equitable interest of the debtor" as of the bankruptcy filing date. This definition of property of the estate has been broadly construed to encompass a debtor's contingent interest in future payments, as long as that interest is "sufficiently rooted" in a debtor's prepetition past, even if that interest is reliant on future contingencies that have not accrued as of the filing date. Like an earned income credit, a child tax credit for a tax year that began prior to the bankruptcy is a contingent interest upon the bankruptcy filing date even though it is not finalized until a future contingency occurs, i.e., the end of the tax year and filing of the tax return. Consequently, both types of credits, although treated somewhat differently for tax purposes, are encompassed within § 541's broad definition of property of the estate. The court sustains the Trustee's objection and concludes that the prepetition refundable portion of the child tax credits is property of the estate.

*In re Minton*, 348 B.R. 467, 474-75 (Bankr. S.D. Ohio 2006) (internal citations and footnote omitted); *see also In re Parker*, 352 B.R. 447 (Bankr. N.D. Ohio 2006) (holding that both earned income credits and child tax credits are property of a debtor's bankruptcy estate under § 541(a)).

These courts' determinations comport with the broad general definition and liberally inclusive nature of § 541(a), clearly designed to bring nearly all of a debtor's property into the bankruptcy estate, even contingent interests such as causes of action and tax refunds. *See Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 284-85 (B.A.P. 6th Cir. 2001) ("According to the legislative history, the purpose of § 541(a) is to 'bring anything of value that the debtors have into the estate.'" (quoting H.R. REP NO. 95-595, at 176 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6136)).

Accordingly, this court, based upon the authority of the Sixth Circuit, finds that the Debtor's earned income credit and child tax credits are contingent interests that fall within the scope of § 541(a) and are property of the Debtor's bankruptcy estate, whereby the Trustee is rightfully entitled to request turnover of any pre-petition interest therein.

As previously stated, the Debtor's interest must be pro-rated to reflect the appropriate pre-petition versus post-petition interest. The Debtor filed her petition on October 7, 2005, and thus, the calculations revolve around the 279 days prior thereto. To arrive at the proper pro-rated amount, the court divided 279 by 365, yielding a percentage of 76.43%. Based upon the Debtor's Tax Transcript, she had $998.00 withheld from her paychecks for 2005, but her tax liability was $923.00, thus entitling her to a refund of $75.00 in actual overpayments, plus the earned income credit of $1,295.00, the child tax credit of $923.00, and the additional child tax credit of $77.00. Each of these figures, multiplied by 76.43% results in the following amounts:

| | | | | |
|---|---|---|---|---|
| refund of overpaid withholding | $    75.00 (.7643) | = | $      57.32 |
| earned income credit | $ 1,295.00 (.7643) | = | $    989.77 |
| child tax credit | $   923.00 (.7643) | = | $    705.45 |
| additional tax credit | $     77.00 (.7643) | = | $      58.85 |
| Debtor's pre-petition interest | | | $ 1,811.39 |

Accordingly, the court finds that, based upon the foregoing calculations, the Trustee is entitled to recover $1,811.39, representing the portion of the Debtor's tax refund attributable to her pre-petition contingent interest.

However, the Debtor has now filed an Amended Schedule B, listing her tax refund in the amount of $784.30 as personal property, and an Amended Schedule C, exempting that tax refund. *See* 11 U.S.C.A. § 522; *see also* FED. R. BANKR. P. 4003. Exempted property "is subtracted from

the bankruptcy estate and not distributed to creditors . . . [to ensure that the debtor] retains sufficient property to obtain a fresh start[.]" *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (quoting *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D. Tenn. 1998)).  Exemptions are construed liberally in favor of debtors, *In re Nipper*, 243 B.R. 33, 35 (Bankr. E.D. Tenn. 1999), and, as with property of the estate, are determined as of the date upon which the bankruptcy case was commenced.  *See* 11 U.S.C.A. § 522(b).  Because the Debtor's actual pre-petition interest in the 2005 tax refund exceeds this amount by $1,027.09, the Trustee is entitled to recover from the Debtor the non-exempt portion.

An order consistent with this Memorandum will be entered.

FILED:  April 24, 2007

BY THE COURT

/s/  RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE